

THE ATTORNEY GENERAL,

OF TEXAS

GROVER SELLERS      AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. John W. Crudgington
County Auditor
Potter County
Amarillo, Texas

Dear Sir:                Opinion No. O-6863
                          Re: Under the Constitutional
                             Amendment to Article 8,
                             Section 9, known as the
                             "Re-allocation of County
                             Fund Amendment," may
                             bonds be issued to mature
                             more than six years from
                             date when their validity
                             rests on the probability
                             of reaffirmation by voters
                             in six years.

      We are in receipt of your letter of September 26, 1945, which reads as follows:

      "The constitutional amendment (House Bill #18) of Article 8, Section 9, which was voted by the people in November, 1944, and known as re-allocation of county fund amendment requires that the tax paying voters of each county vote upon the matter before the Commissioners' Court is legally empowered to act under its provisions; in addition, the people of the county must confirm by their vote each six years the right of the court to operate under its provisions.

      "The previous 25 cent restriction for improvements may now be expanded, which would allow greater bonding capacity, however the added bonding capacity might be taken away by failure of the people to renew the use of the amendment at any six year period.

      "In view of this, would the Attorney General approve bonds (maturing more than six years from

date), the validity of which rested on the probability of an affirmative vote six years after the issuance of same?"

Section 9 of Article 8 of the Constitution of the State of Texas, as amended in November, 1944, provides as follows:

"The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed thirty-five (35) cents on the one hundred dollars valuation; and no county, city or town shall levy more than twenty-five (25) cents for city or county purposes, and not exceeding fifteen (15) cents for roads and bridges, and not exceeding fifteen (15) cents to pay jurors, on the one hundred ollar valuation, except for the payment of debts incurred prior to the adoption of the Amendment September 25, 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five (25) cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; provided, however, that the Commissioners Court in any county may re-allocate the foregoing county taxes by changing the rates provided for any of the foregoing purposes by either increasing or decreasing the same, but in no event shall the total of said foregoing county taxes exceed eighty (80) cents on the one hundred dollars valuation, in any one year; provided further, that before the said Commissioners Court may make such re-allocations and changes in said county taxes that the same shall be submitted to the qualified property tax paying voters of such county at a general or special election, and shall be approved by a marjority of the qualified property tax paying voters, voting in such election; and, provided further, that if and when such re-allocations and changes in the aforesaid county taxes have been approved by the qualified property tax paying voters of any county, as herein provided,

such re-allocations and changes shall remain in force and effect for a period of six (6) years from the date of the election at which the same shall be approved, unless the same again shall have been changed by a majority vote of the qualified property tax paying voters of such county, voting on the proposition, after submission by the Commissioners Court at a general or special election for that purpose; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen (15) cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws. This section shall not be construed as a limitation of powers delegated to counties, cities, or towns by any other section or sections of this Constitution."

Since you do not state the amount of Potter County permanent improvement taxes now obligated, or the present authorized levy, we will, for the purpose of more clearly answering your question, state a hypothetical question and answer it.

When we use the term "Permanent Improvement Fund," we mean the constitutional twenty-five cent ad valorem tax authorized by the Texas Constitution for county permanent improvements as provided for in Section 9, Article 8, above quoted.

QUESTION: If the Potter County Permanent Improvement Fund is now obligated by outstanding bonded indebtedness in a sum that requires ten cents for the payment of interest, principal and sinking fund, and the Commissioners' Court has been authorized, by a vote of the people, to increase the Permanent Improvement Fund Levy from twenty-five cents to forty cents for a period of six years from the date of the

election, (1) is the Attorney General authorized to approve permanent improvement bonds for Potter County, maturing within six years from the date of the election, or maturing more than six years from the date of the election, based upon the remaining thirty cent levy; or, (2) is the Attorney General authorized to approve Potter County Permanent Improvement Bonds when part of the issue of bonds mature more than six years from their date, in an amount that would require the remaining thirty cent tax levy for a period of six years and the remaining fifteen cent levy beyond the six year period?

In the City of Aransas Pass v. Keeling, 247 S.W. 818, 821, the Supreme Court of Texas held that when the Legislature remitted the taxes to a costal city for a period of twenty years for the purpose of building a seawall and the city issued seawall bonds payable over a twenty year period, the Legislature would not be authorized to repeal said tax remittance at any time during the twenty year period since such a repeal would be an infringement of a contract. We have a similar situation in this case, in that the Constitution authorizes the people of Potter County, by an affirmative vote, to increase their permanent improvement levy for a period of six years, and after increasing said levy, they would be authorized to obligate the increased levy for a period of six years, and after obligating the entire levy, the county would not be authorized to change said levy within the six-year period, since it would be an infringement of a contract.

Assuming that the Commissioners' Court of Potter County has submitted to the people of the county, and the people have approved, the proposition to increase the constitutional levy for county permanent improvements from twenty-five to forty cents, and assuming that ten cents of the twenty-five cents, or ten cents of the forty cents is now obligated for the payment of indebtedness already outstanding, it is the opinion of this department that the Attorney General would be authorized to approve Potter County Permanent Improvement Bonds maturing within six years from the date the increased levy was authorized in an amount that would require the remaining thirty-cent levy to service. However, the Attorney General would only be authorized to approve bonds maturing more than six years from the date of the election that fifteen cents of the remaining thirty-five cent levy would service. The full thirty-cent levy cannot be obligated for a longer period than six years since fifteen cents of the thirty-cent levy is contingent upon the people of Potter County again authorizing the increased levy.

Section 9, Art. 8 of the Constitution, as amended, authorizes the counties to change or reallocate the tax levies for a period of six years with the right to change or reallocate again at the end of said six-year period. The amendment does not in any manner affect the authority of the county beyond the six-year period, and if the people of the county do not again authorize a change and reallocation the authority of the county reverts to the twenty-five cent tax levy. If the people of the county authorize a change or reallocation for a period of six years, said county is still authorized to obligate the twenty-five cent permanent improvement levy beyond the six-year period. If Potter County obligated the entire twenty-five cent levy beyond the six-year period, then Potter County would not be authorized to decrease the twenty-five cent levy at the end of the six-year period by an election since such an act would be an infringement of their contract.

Therefore, in answer to the second part of the hypothetical question, you are advised that if Potter County, in compliance with the provisions of Sec. 9, Art. 8 of the Constitution, increases its permanent improvement levy from twenty-five to forty cents, and is now obligated to pay indebtedness which requires a ten-cent levy, the Attorney General is authorized to approve Potter County Permanent Improvement Bonds maturing for a longer period than six years, but the bonds of the issue maturing within six years must be within an amount that a thirty cent levy would service, and bonds maturing beyond the six year period must be in an amount that a fifteen cent levy would service.

Yours very truly

APPROVED OCT 24, 1945

/s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

RJL:EP:am

ATTORNEY GENERAL OF TEXAS

By /s/ R. J. Long

R. J. Long
Assistant

APPROVED
OPINION
COMMITTEE
By /s/ B.W.B.
Chairman